UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                         ORDER
                                                Crim. No. -3-285(2)
                                                Civil No. 06-2706

Rito Gaxiola,

    Defendant/Petitioner.

_____

    Petitioner is pro se.

    Andrew R. Winter, Assistant United States Attorney for and on behalf of the United States.

_____

This matter is before the Court upon the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.

Background

Petitioner entered a guilty to plea to the charge of Conspiracy to Possess with the Intent to Distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. He was sentenced to a term of imprisonment of 120 months on November 29, 2004. He did not appeal his conviction and/or sentence, and as a result, this conviction was final on December 9, 2004. Petitioner filed this

motion for relief pursuant to § 2255 on June 28, 2006.

Section 2255 provides for a one-year limitation period in which to file a motion to vacate, set aside or correct a sentence. The limitation period shall run from the latest of:

 1) the date on which the judgment of conviction becomes final;

 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, the triggering event is the date on which the conviction became final, which was December 9, 2004. Accordingly, Petitioner's motion must be dismissed as untimely.

Petitioner asserts that the limitations period should be tolled as he did not have access to legal materials in Spanish. The Eighth Circuit has held that equitable tolling applies to motions seeking relief under § 2255, but only in cases in which "'extraordinary circumstances' beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). In addition, "[e]quitable tolling should only apply where the petitioner or movant has

demonstrated diligence in pursuing the matter."

In this case, Petitioner has failed to demonstrate that he diligently sought legal materials in Spanish or that he sought the services of an interpreter to assist him in filing a motion under § 2255. Accordingly, Petitioner has failed to demonstrate that equitable tolling should be applied in his case.

IT IS HEREBY ORDERED that the Motion to Correct, Set Aside or Correct Sentence [Docket No. 84] is DENIED.

Date: November 6, 2006

s / Michael J. Davis<br>
Michael J. Davis<br>
United States District Court